UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMAH AZZAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-4616 |
| | § | |
| WELLS FARGO BANK, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is plaintiff Samah Azzam's motion to abstain and remand. Dkt. 9. Having considered the notice of removal, motion to abstain and remand, response thereto, and the applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

Azzam filed his original petition and application for a temporary restraining order in the 295th Harris County Judicial District on October 1, 2010. Dkt. 1-5. Azzam's petition asserts claims for wrongful foreclosure, fraud, negligence, fraudulent misrepresentation, breach of contract, promissory estoppel, breach of warranty, tortious interference with contractual relationships, conspiracy, and violations of the Texas Deceptive Trade Practices Act. *Id.* He seeks out-of-pocket expenses, loss of the benefit of the bargain, loss of credit and damage to credit reputation, loss of rental, and exemplary damages. *Id.* He also seeks an accounting, rescission of the foreclosure, attorneys' fees, and an injunction to prevent the defendants from evicting Azzam and his tenant from the property and preventing defendants from selling the property. *Id.* After a hearing on the application for a temporary injunction, at which the defendants failed to appear, the state court granted the application and issued a temporary injunction. Dkt. 1-10. Defendants filed a general denial on November 19, 2010, and they removed the case on the same day. Dkt. 1-12, 13.

In the notice of removal, defendants claim that complete diversity exists and that the amount in controversy exceeds $75,000.00. Azzam did not allege a specific amount of damages, but defendants claim that it is facially apparent from the petition that the claims are more than $75,000.00 because Azzam seeks injunctive relief with respect to property that is worth more than $75,000.00. Dkt. 1. The defendants attached documentation showing that the property at issue sold at a public auction on July 6, 2010 for $130,263.36. Dkt. 1, Exh. D.

Azzam filed a motion to abstain or remand, claiming that diversity does not exist because he is not alleging more than $75,000.00 in damages, exclusive of costs and interest. Dkt. 9. Specifically, Azzam contends that the amount in controversy is the value of the right to be protected or the extent of injury to be prevented and that, in this case, if he wins the value of his recovery will be only his equity interest, not the entire value of the property, because he is obligated to pay the bank the remainder of the property value. *Id.* Azzam contends that his "equity is relatively low, and is substantially less than $75,000.00. *Id.*

## II. LEGAL STANDARD

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.* (*"De Aguilar II"*)*,* 47 F.2d 1404, 1408 (5th Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Ordinarily the federal court ascertains the amount in controversy by looking at the amount claimed in the state court petition. *Id.* Where, as is the case here, the plaintiff has not alleged a specific dollar amount as damages, the Fifth Circuit requires that a removing defendant prove by a

preponderance of the evidence that the amount in controversy actually does, in fact, exceed the jurisdictional amount required in diversity cases. *De Aguilar II,* 47 F.2d at 1409. A defendant may accomplish this in two ways. First, the defendant may show it is "facially apparent" that the damages exceed $75,000, in which case the court "looks only at the face of the complaint and asks whether the amount in controversy [is] likely to exceed [$75,000]." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Second, the defendant may prove damages exceed $75,000 by "setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. To meet the preponderance of the evidence burden, the defendant must "do more tha[n] point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]." *De Aguilar II*, 47 F.3d at 1412. A mere conclusory statement will not suffice. *De Aguilar v. Boeing Co.* (*"De Aguilar I"*), 11 F.3d 55, 57–58 (5th Cir. 1993).

### III. ANALYSIS

In the Fifth Circuit, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547,48 (5th Cir. 1961). While the Fifth Circuit has not applied this rule directly to a wrongful foreclosure claim, two courts in the Southern District of Texas have recently held, in cases very similar to the case at bar, that the amount in controversy is the value of the property, not the value of the equity that the plaintiff holds. *See Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010) (Lake, J.) (concluding that the object of the request for injunctive relief was the property and that the value of the extent of the injury to be prevented was the fair market value of the home); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009) (Rainey, J.) (noting

that, absent "judicial relief, Plaintiff could be divested of all right, title, and interest to the Property" and that the value of the declaratory and injunctive relief sought was the fair market value of the property); *see also Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 399 (2nd Cir. 1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). This court agrees with the reasoning in both of those cases.

Azzam's petition requests injunctive relief to prevent defendants from evicting himself and his renters from the property. If his request were denied, while his out-of-pocket loss may be only the equity he has in the house, his actual loss would be the title, interest, and possession of property valued at more than $75,000.00. *See* Dkt. 1, Exh. D (demonstrating that the value of the property exceeds $130,000.00). Thus, since the amount in controversy exceeds $75,000.00 and there is no dispute that the parties are completely diverse, Azzam's motion to remand is DENIED.

## IV. CONCLUSION

Azzam's motion to abstain or remand is **DENIED**.

Signed at Houston, Texas on January 18, 2011.

_____
Gray H. Miller
United States District Judge